**FILED**

MAY 2 6 2016

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
WASHINGTON, D.C.

Marcelo Sandoval )
11659-424 )
FCI Hazelton )
P.O. Box 5000 )
Bruceton Mills, West Virginia )
26525 )
**Plaintiff,** )
)
v. )
)
U.S. Department of Justice; )
Executive Office of the U.S. Attorney's; )
Federal Bureau of Investigation; )
Federal Bureau of Prisons; )
U.S. Attorney's Office District of Illinois; )
**Defendants.** )

Civil number:

_____.

Judge:_____.

**Description:** FOIA/PA

Case: 1:16-cv-01013
Assigned To : Jackson, Amy Berman
Assign. Date : 5/26/2016
Description: FOIA/Privacy Act (I Deck)

**PLAINTIFF: SANDOVAL'S COMPLAINT FOR DECLARATORY, MONETARY & INJUNCTIVE RELIEF**

[1] This is an action under the Freedom of Information Act ("FOIA") Title 5 U.S.C. Section 552 & Privacy act ("PA"), under Title 5 U.S.C. Section 552a, as amended, to order the production of documents and correction of inaccurate specific records from agencies Defendants: **U.S. Department of Justice; Executive Office of the U.S. Attorney's; Federal Bureau of Investigation; and Federal Bureau of Prisons,USAD/Il;** Defendant/Agencies, to hand over records & documents & correct specific inaccurate records concerning **Plaintiff: Sandoval** being improperly categorized as a Member of the Mexican Mafia & stating that Marcelo cooperated with Federal Law Enforcement agents,

[2] Defendant/Agencies: **Dep't of Justice; EOUSA'S; FBI; BOP; USAO/Il,** intentionally failed to correct Plaintiff: Sandoval's inaccurate specific records, stated supra in ¶1, in violations of The Privacy Act Title 5 U.S.C.§552a(e)(5), 5 U.S.C.§552a(d)(3),

**RECEIVED**

MAY 2 6 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

1

5 U.S.C.§§552(g)(1)(A) and (g)(2), 5 U.S.C.§552a(g)(1)(C) & (g)(4).
Sellers v. BOP, 959 F.2d 307 (D.C.Cir.1992); Doe v. United States,
821 F.2d at 698 (D.C.Cir.1987); Hass v. United States Air Force,
848 F.Supp. 926 (D.Kan.1994) explaining meaning of accuracy re-
quirements courts distinguished agencies inaccurate recordings
of information which would be a violation.

[3]        **Additional Jurisdiction and Venue**

This is a civil action for injunctive, declaratory and monetary
relief. This Court has jurisdiction pursuant to the FOIA's Title
5 U.S.C.§552 and Privacy Acts, Title 5 U.S.C.§552a(g)(1), and 28
U.S.C.§1331 (Federal Question).

Venue is proper in this district court pursuant to the provisions
of Title 5 U.S.C. §552a(g)(5), 5 U.S.C.§703 & 28 U.S.C.§§1391 &
1402.

Title 5 U.S.C. §552(a)(4)(B) (FOIA). Violations of the First,
Fifth, Sixth & Ninth Amendment's of the United. States Constitution.
Defendants: **Dep't of Justice; EOUSA'S; FBI; BOP; USAO/D.Il,** have
30 days to respond & correct the above specifically stated inaccurate
records described supra, in Compliance  with the "Privacy Act"
under Title 5 U.S.C.§552a(e)(5), 5 U.S.C.§552a(g)(1)(c), 5 U.S.C.
§552a(d)(3), 5 U.S.C.§§552a(g)(1)(A) and (g)(2).

**Parties**

[4] **PLAINTIFF: Marcelo Sandoval,** is a Mexican Citizen and is
in custody of the defendants: U.S. Dep't of Justice & it's components:
Federal Bureau of Prisons at FCI Hazelton P.O. Box 5000 Bruceton
Mills, West Virginia 26525, & is suing the following agencies for
violations of the FOIA/PA Acts.

[5] **DEFENDANT: U.S. Department of Justice,** 950 Pennsylvania Avenue N.W. Washington, D.C. 20530, Defendant/Agency is being sued in their official capacity under both the FOIA & PA Acts, for failing to hand over records & documents & correct specific inaccurate records described supra.

[6] **DEFENDANT: Executive Office of the U.S. Attorney's (EOUSA'S),** is an agency within the United States Department of Justice, located at: U.S. Dep't of Justice, Suite 7300, 600 E. Street, N.W. Washington, D.C. 20530-0001, and is being sued in their official capacities, for violations of both the FOIA & PA acts.

[7] **DEFENDANT: Federal Bureau of Investigation (FBI),** is an agency within the United States Department of Justice, located at: 935 Pennsylvania Avenue, N.W. Washington, D.C. 20535, and is being sued under both the FOIA & PA Acts, in their official capacities, for violations of the above specific acts.

[8] **DEFENDANT: Federal Bureau of Prisons (BOP),** is an agency within the United States Department of Justice, located at: Central Office 320 First Street, N.W. Washington, D.C. 20534, and is being sued under the FOIA & PA Acts, in their official capacities for violations of the above specific acts.

[9] **DEFENDANT: U.S. Attorney's Office District of Illinois (USA-O-D.Ill),** is an agency within the U.S. Dep't of Justice, located at: 1830, Rock Island, Illinois, 61201-8003, and is being sued in their official capacities, for violations of the above acts.

[10] All of the above Defendant/Agencies are sued in their official capacities as custodians of the records containing inaccurate and damaging information about Plaintiff: Sandoval, which clearly

3

adversely effects Plaintiff: Sandoval's substantial rights, which

has caused Sandoval's physical violent attacks from other inmates

whom are enemies of the Mexican Mafia, and  and whom falsely

accused Sandoval of being a Federal Informant that the Defendants:

**Dep't of Justice, EOUSA'S, FBI, BOP, &  U.S.AO/D.Ill.,** has leaked

this false & misleading information to the News Media, and via:

in Sandoval's PSI/PSR Presentencing Investigative Report.

Sandoval, has exhausted all of his Administrative Remedies via:

BP-8, BP-9, BP_10 & BP-11 within the U.S. Dep't of Justice's

Components: Defendant: BOP, and also has once again exhausted all

his FOIA/PA Administrative Remedies, by first serving all of the

Defendant/Agencies with Sandoval's FOIA/PA Requests for documents

and to specifically correct the above described inaccurate records,

and all of the Defendant/Agencies intentionally failed to correct

their generated inaccurate records & also failed to hand over

Sandoval's requested documents.

[11]      **Defendants: Dep't of Justice  Eousa's**
**FBI, BOP, USAO/D.Ill, All Failed to Correct the above inaccurate**
**records & hand over documents are liable for Monetary Damages**
**Under Federal Statutory Law: Title 5 U.S.C.§§552a(e)(5) &**
**552a(g)(1)(C), without any corrective actions**

The Defendant/Agencies will be liable to that person (Sandoval)

for money damages in the amount of **$1 Million Dollars**, each Defendant

for their intentional violations--of both acts under the FOIA/PA

and intentionally failing to perform corrective action.

[12] The above records & the following records are requested

to be disclosed. Answer each request for production, in each res-

ponse provide both the information that identifies the documents

& the documents number. For each separate document or other requested

4

information that Defendant/Agencies asserts is privileged or is not disclosed identify that document or other requested information, stating the specific grounds for the claims or privilege or other ground for exclusion. For each document claims is not discoverable, state the information required by the definition.

The above Defendant/Agencies intentionally failed to hand-over the above specific documents & also failed to perform corrective action, as seen supra.

[13]    **Defendants: Dep't of Justice, FBI, BOP, EOUSA'S USAO/D.Ill, intentionally Failed to Hand Over All Documents Proving Sandoval's Actual, Factual & Legal Innocence of the kidnapping Charge in his Criminal Case USA v. Sandoval, No. 99-cr-40019-JBM. (Central District of Illinois at Urbana) And Documents Refuting all of the District court's enhancements**

### Background

Sandoval, an alleged drug dealer, was charged with kidnapping one of his drug customers and "threatened to hold him prisoner until [a] drug shipment was returned." see United States v. Sandoval, 347 F.3d 627, 630 (7th Cir.2003).

A jury convicted Sandoval 'on three counts: Kidnapping in violation of 18 U.S.C.§1201(a)(1), was NOT found beyond a reasonable doubt; using and Carrying a Firearm during a kidnapping in violation of §924(c); and Conspiracy to Possess Marijuana, Cocaine, and Methamphetamine with intent to distribute in violation of 21 U.S.C. §846." United States v. Sandoval, 241 F.3d 549, 550 (7th Cir.2001).

Sandoval had been previously been convicted of one felony offense, a 1995 delivery of marijuana conviction. **(PSR¶38).**

Sandoval was sentenced to 20 year concurrent terms on the Kidnapping and drug charges and 10 years consecutive on the §924(c) count." Id. at 550.                    5

[14]                          **The Merits**

According to Supreme Courts: Nat'l Archives & Records Admin.
v. Favish, 541 U.S. 157, 172, 124 S.Ct. 1570, 158 L.Ed.2d 319
(2004), According to Sandoval, disclosure will further the Public
Interest in tow ways. First, it will advance the Public's Interest
in knowing whether the Federal Government complied with its Brady
obligations to disclose material, exculpatory & impeachment infor-
mation to Sandoval at Sandoval's jury trial.

See Kyles v. Whitley, 514 U.S. 419, 437, 115 S.Ct. 1555, 131
L.Ed.2d 490 (1995) ("[t]he individual prosecutor has a duty to
learn of any favorable evidence known to the others acting on the
government's behalf in this case, including the Police."

Second, and more generally, Sandoval, asserts disclosure will
further the Public Interest in knowing whether the Defendants/
Agencies/Government is withholding information that could corroborate
that Sandoval is actually, factually & legally innocent of the
Kidnapping charged in his case supra.

[15]    **The Documents Sandoval Seeks Could Serve**
**The Substantial Public Interest in avoiding the extra term**
**of imprisonment for the Kidnapping Charge and the Public Interest**
**in knowing whether the government prosecuted and obtained the**
**the conviction against the proper person outweighs privacy**
**interest in this 15 plus year old case**

Sandoval, asserts and maintains that the Defendants/Agencies:
Dep't of Justice, FBI, BOP, EOUSA'S, USAO/D.Ill., continues to
withhold abd redact decades old documents that may help prevent
the conviction of an innocent man (Sandoval) specifically concern-
ing the Kidnapping charge, and that Sandoval is not a member of
the notorious Mexican Mafia.

6

[16]      **The Public Has A Powerful Interest in
Understanding The Procedures and Governmental Actions
That Lead To The Convictions & Sentences of Sandoval For A Crime
Of Kidnapping Which He Is Actually Innocent Of and Ensuring
That Potentially Exculpatory Evidence Is Disclosed Before He
Finishes His Sentence or Dies In Prison**

Sandoval, touched upon the core objective of the FOIA/PA lawsuit's

Statutes to shed light on what the government is up to at a time

in which the PUBLIC INTEREST in this case in Illinois, and its

FOIA/PA Lawsuit filings in Washington, D.C., the Defendant's:

**Dep't of Justice, FBI, EOUSA'S, BOP, USAO/D.Ill.,** government's

potential of convicting an innocent man (Sandoval), for the Kid-

napping Charge, and the possible withholding of exculpatory mat-

erial is at a high level.

[17] **Emphasize the Distinction Between the Two Types
of Public Interest Claimed by Sandoval**

Since the right to the disclosure of material, exculpatory

evidence recognized in **Brady** protects a defendant's Sandoval's

right to a fair trial, see **Brady, 373 U.S. at 87,** the determination

of whether information is "material" for purposes of **Brady** focuses

on how the information relates to the other information known at

the time of trial, see **Kyles, 514 U.S. at 434** ("The question is

not whether the defendant Sandoval would more likely than not have

received a different verdict with the evidence, but whether in its

absence he received a fair trial, understood as a trial resulting

in a verdict worthy of confidence.").

[18]                **Kyles, 514 U.S. at 435**

Noting that in determining whether withheld evidence is "material"

for purposes of **Brady,** a court should consider whether "the favorable

evidence could reasonably be taken to put the whole case in such a

7

different light as to undermine confidence in the verdict.

[19]     Sandoval's personal stake in the release
of the requested information is "irrelevant" to the balancing
of PUBLIC and third-party privacy interests required by
Exemption 7(C)

See Mays v. DEA, 234 F.3d 1324, 1327, 344 U.S. App. D.C. 194 (D.C.Cir.2000). FOIA is not a substitute for discovery in criminal cases or in habeas proceedings. Instead, its purpose is to protect "the citizens' right to be informed about 'what their government is up to.'" Reporters Comm., 489 U.S. at 773 (quoting: EPA v. Mink, 410 U.S. 73, 105, 93 S.Ct. 827, 35 L.Ed.2d 119 (1973) (Douglas, J., dissenting)).

Although the PUBLIC might well have a significant interest in knowing whether the federal government engaged in blatant **Brady violations** in this case concerning Sandoval, once the documents are handed over it may reveal egregious government misconduct. SeeBoyd v. Crim Div. of the U.S. Dep't of Justice, 475 F.3d 381, 387-88, 374 U.S. App. D.C. 372 (D.C.Cir. [642 F.3d 1178,(2007)]) (stating, in a FOIA case in which a defendant convicted of non-capital drug and weapons offenses sought records that he claimed might reveal **Brady-related misconduct,**" and that a "single instance of **Brady violation**...would not suffice to show a pattern of government wrongdoing as could overcome the significant privacy interest at stake"). However, in Sandoval, he can prove more than a scant Brady violation as well as intentional categorizing him as a member of the Mexican Mafia.

8

[20]   Since the Defendants: Dep't of Justice, FBI,
    EOUSA'S, BOP, USAO/D.Ill., have refused to hand over
the above specific documents & or to confirm or deny whether
it has information regarding the above concealed exculpatory
material evidence, we have no way of knowing any information
might have would qualify as Brady material or could corroborate
Sandoval's Claims of His Actual Innocence of the Kidnapping

Because **Glomar responses** are an exception to the general rule

that agencies must acknowledge the existence of information resp-

onsive to a FOIA request and provide specific, non-conclusory just-

ifications for withholding that information, see Vaughn, 484 F.2d

at 826-28, they are permitted only when confirming or denying the

existence of records would itself '"cause harm cognizible under

FOIA exception,'" Wolf v. CIA, 473 F.3d 370, 374 U.S. App. D.C.

230 (D.C.Cir.2007) (quoting Gardels v. CIA, 689 F.2d 1100, 1103,

223 U.S. App. D.C. 88 (D.C.Cir.1982)).

Thus, in determining whether the FBI & other Defendants in

Sandoval, supra properly provided a **Glomar response,** and or stating

no records exists, we must consider whether "the fact of the exist-

ence or nonexistence of [the requested] records falls within a

FOIA exemption." Id.

[21]        **In Sandoval Asserted Public Interest**
        **is the revealing of government misconduct**

The Supreme Court's decision in National Archives & Records

Administration v. Favish, 541 U.S. 157, 172, 124 S.Ct. 1570, 158

L.Ed.2d 319 (2004), requires that the FOIA requester (Sandoval)

"establish more than a bare suspicion" of misconduct. 541 U.S. at

174. Instead Sandoval the requester has produced evidence that

would warrant a belief by a reasonable person that the alleged

government impropriety might have occurred." Id. Sandoval satisfies

this threshold requirement, thus proceed to balance Public Interest.

[22]      **Favorable Evidence Had Not Been Released
and Handed Over To Sandoval by the Defendants**

see, e.g., Elliott v. U.S. Dep't of Agric., 596 F.3d 842, 851,

389 U.S. App. D.C. 272 (D.C.Cir.2010). as a result, we shall

assume that the favorable evidence the Defendants: **Dep't of Justice,**

**FBI, BOP, EOUSA'S, USAO/D.Ill.,** had not been provided to Sandoval

at his trial.

[23]      **The Defendants: DOJ, FBI, BOP, EOUSA'S
USAO/D.Ill., Had Not Met The Favish Threshold**

Sandoval argues:

       (1) that the Defendants, supra response con-
tained some undisclosed Brady material, and

  (2) that one can infer from this fact that the Defendants
might have other such material in its possession.

Sandoval contends that the concealed documents contitutes

Brady material.

Sandoval must show that a reasonable person could believe

that Sandoval ia actually innocent of the Kidnapping & being a

member of the notorious Mexican Mafia, hence, Sandoval had made

both showings.

[24]   **Since Sandoval has satisfied his obligations
under Favish, we must proceed to balance the Public and Private
Interests at stake in this case**

See Favish, 541 U.S. at 174.   The Public also has a compelling

interest in knowing whether the Defendants: **Dep't of Justice, FBI,**

**EOUSA'S, BOP, USAO/D.Ill.,** is refusing to disclose information

that could help exonerate Sandoval of the specific Kidnapping charge

and being amember of the notorious Mexican Mafia.

10

[25]      **Sandoval Clearly & Concededly Exhausted**
**His Administrative Remedies**
**Defendants: Dep't of Justice & Its Components:**

On _____date, Sandoval filed a FOIA/PA requests to

Defendant: Dep't of Justice, requesting that they perform corrective

action concerning the inaccurate information depicting Sandoval

as a member of the Mexican Mafia, & to hand over evidence proving

Sandoval is actually innocent of the Kidnapping charged in his

criminal case, among other things.

See Remedy FOIA/PA Number:_____.

As of this date the DOJ, had not complied.

[26]      **Defendant: EOUSA'S Failed To Hand Over**
**FOIA/PA Documents Sandoval Requested Also Corrective Action**
**And The Defendant: EOUSA'S, Failed to Comply**

On _____date, Sandoval filed a FOIA/PA requests

to Defendant: EOUSA'S, requesting that they perform corrective

action concerning the inaccurate information depicting Sandoval

as a member of the Mexican Mafia, & to hand over evidence proving

Sandoval is actually innocent of the Kidnapping charged in his

criminal case, among other things. See Remedy FOIA/PA #_____.

As of this date the EOUSA'S failed to comply.

[27]   **Defendants FBI, BOP, USAO/D.Ill., all Failed**
**To Handover Documents Sandoval Requested & Also Perform**
**Corrective Action**

On _____date, Defendant: FBI was served with Sandoval's

FOIA/PA Request, requesting supra as seen in ¶'s 25 & 26.

On _____date, Defendant: BOP, was served with Sandoval's

FOIA/PA Request, requesting supra as seen in ¶'s 25 & 26.

On _____ date, Defendant: USAO/D.Ill., was served with Sandoval's FOIA/PA Requests, requesting supra, as seen in ¶'s 25 & 26.

See Defendants: FBI, FOIA/PA Requests Number: _____.

See Defendant: BOP, FOIA/PA Requests Number: _____.

See Defendant: USAO/D.Ill., FOIA/PA Request Number _____.

hence, Sandoval clearly exhausted all of his administrative remedies.

### [28] Sandoval After Being Denied His Statutory Right under the FOIA Act Title 5 U.S.C.§552 & Privacy Act Title 5 U.S.C.§552a Sandoval Filed the required Appeal to the Office of Information Policy (OIP), Deputy Attorney Generals Office of the U.S. Dep't of Justice

Whom systematically denied Sandoval's appeals concerning all of the Defendants.

On _____ date, concerning Defendant: Dep't of Justice;

On _____ date, concerning Defendant: FBI;

On _____ date, concerning Defendant: EOUSA'S;

On _____ date concerning Defendant: BOP;

On _____ date concerning Defendant: USAO/D.Ill.

See FOIA/PA Appeals # _____ Dep't of Justice;

See FOIA/PA Appeals # _____ FBI;

See FOIA/PA Appeals # _____ EOUSA'S;

See FOIA/PA Appeals # _____ BOP;

See FOIA/PA Appeals # _____ USAO/D.Ill.

In support of Sandoval's proven Exhaustion of all of his administrat-ative remedies, under the FOIA/PA Acts, supra.

12

[29]     As the Courts Have Explained, the Public
Interest in Ensuring that Innocent People (Sandoval)
are not Wrongly Convicted or Subjected To Prosecutorial or
Investigative Misconduct is properly vindicated in the ordinary
criminal and civil litigation processes-where personal privacy
is not as weighty a consideration as it is under FOIA

See Fed.R.Crim.P. Rule 16; Brady v. Maryland, 373 U.S. 83, 86,

83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); see also Fed.R.Civ.P. 26;

Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,

403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); 42 U.S.C.§1983.

Sandoval argues that the requested documents concerning the

Defendants/Agencies charges against Sandoval for Kidnapping would

show that the Defendant/Agencies: Dep't of Justice, FBI, BOP,

EOUSA'S, U.S.AO/D.Ill., withheld core exculpatory information and

violated its Brady obligations with respect to Sandoval's Kidnapping

charge in Federal Court in the District of Illinois.

[30]     The Majority of the Courts Opinions has
accepted Sandoval's arguments and distinguished:

(i) the Public Interest in showing a criminal defendant's
     (Sandoval's) innocence at trial from;

(ii) the Public Interest a criminal defendant's (Sandoval's)
     innocence during a post-conviction proceeding.

In the logical view, that distinction makes little sence under

Exemption 7(C) and finds no support in the case law.

[31]     Exemption 7(c) of the FOIA, as amended
(FOIA) 5 U.S.C.§552(b)(7)(C)

For the purposes of determining whether a requested disclosure

could reasonably be expected to constitute an unwarranted invasion

of personal privacy, within the meaning of Exemption 7(c) of the

FOIA, as amended (FOIA), 5 U.S.C.§552(b)(7)(C), Courts are required

to balance the competing interests in privacy and disclosure.

13

Moreover, the effect this balance & to give practical meaning to the exemption, the usual rule that a citizen need not offer a reason for requesting the information must be inapplicable.

Instead, where the Privacy concerns addressed by Exemption 7(c) are present, the exemption requires the person requesting the information to establish a sufficient reason for the disclosure, by showing that:

> (1) the Public Interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake; and

> (2) the information is likely to advance that interest.

In Sandoval, clearly & concededly the Documents he seeks are substantial Public Interest for it is always in the Public Interest that the government/Defendants/Agencies not place an innocent man (Sandoval) in prison, which is more significant than for ones own sake, and

Moreover, the information Sandoval seeks is likely to advance that significant Public Interest, supra.

[32]   Sandoval also Requests that The Defendants:
Dep't of Justice, FBI, BOP, EOUSA'S, & U.S.AO/D.Ill.,
Perform Corrective Action Under The Privacy Act Title 5 U.S.C.§552a
Specifically Preclude from all Records That Sandoval is a
Member of the Mexican Mafia & Cooperated with law enforcement
As Well That Sandoval Is Actually Innocent of the Kidnapping

**Legal Standards:**

FOIA requires federal agencies/Defendants here in Sandoval, to release government records to the PUBLIC upon request, subject to nine listed exceptions. See 5 U.S.C.§552(b); Wolf v. CIA, 473 F.3d 370, 374, 374 U.S. App. D.C. 230 (D.C.Cir.2007).

A defending agency in a FOIA case must show that its search for responsive records was adequate, that any exemptions claimed actually apply, and that any reasonably segregable non-exempt parts of records have been disclosed after redaction of exempt information.

See Sanders v. Obama, 729 F.Supp.2d 148, 154 (D.C.C.2010), aff'd, Sanders v. Dep't of Justice, Civ. No. 10-5273, 2011 U.S. App. LEXIS 8326, 2011 WL 1769099 (D.C.Cir. Apr. 21, 2011).

The adequacy of a search is measured by a standard of reasonableness and depends on the individual circumstances of each case. Truitt v. Dep't of State, 897 F.2d 540, 542, 283 U.S. App. D.C. 86 (D.C. Cir.1990). The question is not whether other responsive records may exist, but whether the search itself was adequate. Steinberg v. Dep't of Justice, 23 F.3d 548, 551, 306 U.S. App. D.C. 240 (D.C.Cir.1994).

An agency may prove the reasonableness of its search by a de-claration by responsible agency officials, so long as the declar-ation si reasonably detailed and **not controverted by contrary evidence or evidence of bad faith.** Military Audit Project v. Casey, 656 F.2d 724, 738, 211 U.S. App. D.C. 135 (D.C.Cir.1981).

Once an agency has provided such affidavits, the burden shifts back to the Plaintiff to demonstrate the lack of a good faith search. See Maynard v. CIA, 986 F.2d 547, 560 (1st Cir.1993). If a review of the record raises substantial doubt as to the reasonableness of a search, especially in light of "well-defined requests and positive indications of overlooked materials," then summary judgment may be inappropriate. Founding Church of Scientology, Inc. v. Nation-al Security Agency, 610 F.2d 824, 837, 197 U.S. App. D.C. 305 (D.C. Cir.1979).

15

[33]        **Legal Standards of the Privacy Act**

The Privacy Act "safeguards the Public from unwarranted collection, maintenance, use and dissemination of personal information contained in agency records by allowing an individual (Sandoval), to participate in ensuring that his records are **accurate** and properly used." Henke v. Dep't of Commerce, 83 F.3d 1453, 1456, 317 U.S. App. D.C. 405 (D.C.Cir.1996) (internal quotations and citations omitted).

**The Privacy Act ensures that an individual (Sandoval) can access his or her records and request AMENDMENT of those record to correct any inaccuracies.** 5 U.S.C. §552a(d)(1)-(3).

A civil action is available to correct an inaccurate record that an agency has refused to amend (Defendants/Agencies: **Dep't of Justice, FBI, BOP, EOUSA'S, U.S.AO/D.Ill.,**) or an individual request with which an agency has not complied (Defendants: **DOJ, FBI, BOP, EOUSA'S, USAO/D.Ill.,** all failed to comply), in violations of Statutory Law 5 U.S.C.§552a(g)(1)(A)-(B).

While the Privacy Act generally permits the **correction of facts,** it does not allow for the "correction of opinions or judgments." McCready v. Nicholson, 465 F.3d 1, 19, 373 U.S. App. D.C. 236 (D.C.Cir.2006).

In Sandoval, the Defendants: **Dep't of Justice, FBI, EOUSA'S, BOP, U.S. AO/D.Ill.,** all failed to comply with its obligation to correct the facts that Sandoval is not a member of the Mexican Mafia, did not Kidnap anyone,  also the fact that overzealous Defendant/Agencies, inaccurately stated that Sandoval cooperated with law enforcement agencies, should also be corrected under the Privacy Act.

16

[34]     **Frank Rivas's Testimony was Perjurious**
**Against Sandoval, as the concealed Defendants/Dep't of Justice**
**Records Sandoval seeks Will Support**

See Page 18 ¶ 10-22, Rivas says that he had more than one person

supplying him with Marijuana. Moreover, he also states the very

same thing on Pages: 27 ¶1-4. Pages 30 ¶12-22, in this statement

Rivas's substantially changes his story after he was coached by

the Defendant's to do so. Sandoval seeks the original FBI FD 302's

and FBI FD 209's with inserts also the DEA 6's & DEA 7's and

Defendant's/Dep't of Justice's components Debriefing reports of

Rivas, which independently corroborated supra.

[35]     **Defendants/Dep't of Justice Failed to**
**Hand over documents supporting that Sandoval Was In-Fact**
**Physically In Mexico During the Alleged Kidnapping Events**
**And Also Failed to introduce these concealed documents to the**
**Investigating Federal Grand Jury & Sandoval's Jury Trial**
**Facilitating Intentional Grand Jury Abuse & Core Brady, Giles**
**& Giglio as well as Egregious governmental misconduct facts**
**Serves as a Significant Public Interest**

Documents that the Defendant's possesses are as follows:

1. Sandoval's plane ticket showing his flight from USA to
Mexico, specifically during the alleged Kidnappping events;

2. Documents supporting that Sandoval, was in-fact in Mexico
at a Hotel, using Credit Card information also during supra;

3. Documents supporting that Sandoval is actually, factually
and legally innocent of the Kidnapping & firearms charges;

4. Documents supporting that core egregious governmental
misconduct existed in Sandoval's case which was never presented
to the investigating federal grand jury, concerning Sandoval.

5. Documents supporting that Rivas was not charged in the
murder of a person and the Defendants/Dep't of Justice looked
the other way, to faciliate false charges against Sandoval,
    See Page 109, ¶2-8, USA v. Sandoval. #99-cr-40019 (Central
District of Illinois/Urbana Division.)
    Also see documents Page 115 ¶10-12, also in support of supra.

**Rivas's Involvement In a Murder Was Withheld From Sandoval**
**6. Government Witness at Sandoval's Jury Trial Stated**
**On Public Records That He was Involved with a murder & then**
**In Other Documents supports that he refutes knowing about a**
**A Murder & his Direct Involvement in it After the Defendants/Dep't**
**Of Justice's Unlawful Coaching Rivas To Deny It**

See Court Public Records at Page 121 ¶'s 20-25, in support
of supra. In any event since this subject issue of murder was
a topic at some point in Rivas's Debriefing with the Government/
Defendants /Dep't of Justice components agencies those documents
were not intentionally handed over to Sandoval, such as the FBI's
FD 302's & FBI FD 209's with inserts, and DEA 6's & DEA 7's, as
well as the Defendants/Dep't of Justice's notes during Rivas's
debriefing specifically concerning this TOPIC OF MURDER.

[36]   **Government/Defendants/Dep't of Justice's**
**Witness Patricia Ceja's Perjury Against Sandoval**
**At Sandoval's Jury Trial Is A Significant Public Interest**

Facts supports that Witness Ceja did not see a gun, but after
Defendants/Dep't of Justice's coaching all of a sudden a handle of
a gun---appears from the Living room. This cannot be logical.

Then more incredible was that since the gun did not not exist
and then a handle of gun all of a sudden appears, that handle all
of a sudden becomes a Revolver, could have happened on SyFy channel
but not in reality. See Page 107.  See also Page 123 ¶5., Page
126 ¶13,.  Page 127, independently corroborated that Sandoval
was in Mexico, page 127 ¶21.

[37]   **Government Witness's Patricia Ceja's Son**
**Stated he Did Not See Any Weapon, Those Guys Did Not Have**
**Weapons**

See Page 138 ¶1.  Hence, No Gun, No Forced Kidnapping, and
Sanoval was not even present in the USA during this alleged event.

18

**[38]  Government's Witness: Frank Rivas Stated That
He Voluntarily Decided To Go With Them Does Not Constitute
Kidnapping**

See Court Transcript Page 141 ¶9, in support.

**[39]   Sandoval Requests Documents Supporting His
Actual Innocence in the Drug Conspiracy
Also Serves as a Significant Public Interest**

In Government/Defendants/Dep't of Justice's witnesses: Frank

Rivas & Ramon Ceja, no one--testifies that Sandoval is involved

with the Meth Drug Business.

**[40]   The Above Documents Sandoval Seeks under the
Freedom Of Information & Privacy Acts via:
Title 5 U.S.C.§552 & Title 5 U.S.C.§552a
Serves as A Significant Public Interest**

Moreover, documents that are inaccurate & misleading should

also be corrected under The Privacy Act Title 5 U.S.C. Section

552a. As seen supra.

**[41]   Sandoval Exhausted All His Administrative
Remedies as Required Under The FOIA/PA Acts**

See Supra in support.

**[42]  The Defendants/Dep't of Justice Intentionally
Violated Three Supreme Court Well Established Case Laws
Brady, Giles, & Giglio, which well established that
The Defendants/Dep't of Justice Must Hand over all
Exculpatory & Impeachment Material Evidence Over to the
Defense (Sandoval) Within 14-20 Days Of Sandoval's
Arraignment And Failed to do so**

See Federal Rules of Criminal Procedure Rule 16, Rule 12, Fed.-

R.Crim.P. Rule 16(b)(1)(c), Fed.R.Crim.P. Rule 16(d)(1)(c); 16(a);

16(a)(1)(b);  Fed.R.Evid. Rules 702, 703 & 705; Fed.R.Crim.P.

Rule 12(b)(4). United States Attorney's MANUEL Sections 9-5.001

& 9-5.100. See "Http//www.usdoj.gov/usao/eousa/foiareadingroom/

usam/title/download.htm." Fed.R.Crim.P. 16(b), within the meaning

of Brady, Giles & Giglio, supra.

In any event Sandoval, facilitated this suit to Compel--the Defendant/Agencies: **Dep't of Justice, FBI, BOP, EOUSA'S, U.S.AO/D.Ill.,** to perform the above corrective action under the Privacy Act & to hand over all documents that proves Sandoval's actual innocence of the Kidnapping charges among other things, under the FOIA act, as well as the Drug Conspiracies & firearm.

## Conclusion

WHEREFORE, for all of the above stated reasons with supportive Public Records, independently corroborated facts and supportive case law authorities Plaintiff: Sandoval, respectfully requests the following relief from the Defendants: **Dep't of Justice, FBI, BOP, EOUSA'S, U.S.AO/D.Ill.,** to hand-over the above specifically described documents under the FOIA/PA acts & perform corrective action and the following relief from this Honorable Court:

1. **Declare,** that Defendants/Agencies: **DOJ, FBI, BOP, EOUSA'S, U.S.AO/D.Ill.,** supra refusal to disclose and correct the records described supra and the failure of precluding false records requested by Plaintiff: Sandoval is unlawful under **5 U.S.C.§§552a(e)(5) & (g)-(1)(C).**

2. **Order,** Defendants/Agencies supra to make the requested records available & correct the inaccurate records concerning Sandoval & hand over the corrected records to Sandoval within 30 days;

3. **AWARD,** Plaintiff: Sandoval his Court costs filing fee and reasonable attorneys' fees in this action and, **Damages, $1 Million** for each Defendant/Agencies to pay Sandoval, because of the Defendant's/Agencies intentional misconduct generating inaccurate records against Sandoval & failing to correct it;

4. **Order,** the Defendant/Agencies supra to correct inaccurate records concerning the Defendants/Agencies's **intentional fraud** upon the Court & Sandoval which prejudicially & adversely affected Sandoval's substantial rights;

5. **Grant,** Plaintiff: Sandoval such other & further relief as this court deems just & proper.

Signed under 28 U.S.C. §1746, under the penalties of perjury the above & the following to be true, correct & complete, Pro-Se.

Respectfully Submitted By
Plaintiff/Claimant/Affiant:

*Marcelo Sandoval*

Marcelo Sandoval
11659-424
FCI Hazelton
P.O. Box 5000
Bruceton Mills, West Virginia
26525

## Certificate of Service

I, Plaintiff: Sandoval, hereby certify that this FOIA/PA Lawsuit was sent via: United States Mail/Postaged Prepaid on this ___2nd,___ day of ___May,___ 2016, to the following:

**Clerk of Courts**
**U.S. District Court**
Room 1225
**United States Courthouse**
**333 Constitution Avenue, N.W.**
**Washington, D.C. 20001**

**Executive Office of the U.S.**
**Attorney's (EOUSA'S)**
Dep't of Justice
Suite 7300
600 E.Street, N.W.
Washington, D.C. 20530-0001

**Federal Bureau of Investigation**
**(FBI)** 935 Pennsylvania Avenue, N.W.
Washington, D.C. 20535

**U.S. Attorney's Office**
**District of Columbia**
555, 4th Street, N.W.
Washington, D.C. 20001

**U.S. Attorney General's Office**
**Department of Justice**
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20534

**Federal Bureau of Prisons**
**(BOP)**, U.S. Dep't of Justice
Central Office
320 First Street, N.W.
Washington, D.C. 20534

**U.S. Attorney's Office**
**District of Illinois**
201 S.Vine Street, Suite 226
Urbana, Illinois 61802

*Marcelo Sandoval*
Marcelo Sandoval

21