UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MARCELO SANDOVAL,       )
                        )
       Plaintiff,       )
                        )
    v.                  )   Civil Action No. 16-1013 (ABJ)
                        )
U.S. DEPARTMENT OF JUSTICE, *et al.*, )
                        )
       Defendants.      )

# MEMORANDUM OPINION

Plaintiff Marcelo Sandoval, proceeding *pro se*, brought this action under the Freedom of Information Act ("FOIA") and the Privacy Act against defendants United States Department of Justice ("DOJ"), the Executive Office for United States Attorneys ("EOUSA"), the United States Attorney's Office for the Central District of Illinois ("USAO CDIL"), the Federal Bureau of Investigation ("FBI"), and the Federal Bureau of Prisons ("BOP"), seeking both the production of documents and the correction of inaccurate records. Compl. [Dkt. # 1] ¶¶ 4–9.

On June 22, 2017, defendants filed a motion to dismiss and a motion for summary judgment. Defs.' First Mot. to Dismiss & for Summ. J. [Dkt. # 17] ("Defs.' First Mot."); Mem. of P. & A. in Supp. of Defs.' Mot. [Dkt. # 17-2] ("Defs.' First Mem."). They argued that plaintiff failed to exhaust his administrative remedies, Defs.' First Mem. at 3–4; the FBI and EOUSA conducted adequate searches, *id.* at 4–6; the FBI properly withheld some information pursuant to FOIA exemptions, *id.* at 6–13; and plaintiff failed to state a Privacy Act claim. *Id.* at 14. In plaintiff's opposition, filed on October 20, 2017, he challenged adequacy of defendants' searches and the use of certain FOIA Exemptions. *See* Pl.'s Opp. to Defs.' First Mem. [Dkt. # 20] ("Pl.'s First Opp.").

On November 2, 2017, the Court dismissed plaintiff's Privacy Act claims against all defendants and granted defendant FBI's motion for summary judgment on plaintiff's FOIA claims. *Sandoval v. DOJ*, 296 F. Supp. 3d 1, 6 (D.D.C. 2017). But the Court denied the motions filed by defendants DOJ, EOUSA, and the USAO on the basis that their declarations were deficient. *Id.* at 11–18. The matter was remanded to these agencies to provide a more detailed justification for the adequacy of their searches for responsive documents, and to release any reasonably segregable non-exempt material to plaintiff consistent with FOIA. *Id.* at 16–17.

On April 3, 2018 defendants DOJ, EOUSA, and USAO CDIL filed a second motion for summary judgment. *See* Defs.' Second Mot. for Summ. J. [Dkt. # 29] ("Defs.' Second Mot."). Because defendants have now provided sufficiently detailed explanations, the Court concludes that the searches were adequate, and it will grant defendants' motion.

**BACKGROUND**

The factual and procedural background of this case are laid out in detail in the Court's Memorandum Opinion granting in part and denying in part defendants' first motion for summary judgment, so the Court will address the facts only briefly here. *See Sandoval v. DOJ*, 296 F. Supp. 3d at 6–9.

On August 31, 2015, plaintiff sent a Freedom of Information/Privacy Act ("FOIPA") request to EOUSA asking for access to "any and all records . . . that relate[] to and/or make[] reference to Sandoval," "in and around 1997-2015," including "[i]naccurate records, depict[ing] Sandoval as a 'Mexican Mafia Member' and other false records such as Sandoval working with the government." Decl. of David Luczynski [Dkt. # 29-2] ("Luczynski Decl.") ¶ 4, Ex. A.

Plaintiff submitted another FOIPA request to USAO CDIL dated September 11, 2015. Luczynski Decl. ¶ 5, Ex. B. He sought records from "case: #99-40019-(Central District of

Illinois)" between 1997 and 2015, "[s]howing that Sandoval is a member of the Mexican Mafia & that Sandoval was working for the FBI/DEA. And of [d]ocuments refuting supra." *Id.* USAO CDIL advised plaintiff to direct all future correspondence to EOUSA since that organization within the Department of Justice handles all FOIA requests involving U.S. Attorneys' Offices, and it sent a letter to EOUSA on September 23, 2015, enclosing a copy of plaintiff's FOIPA request for processing. Decl. of Julie Leeper [Dkt. # 17-6] ("Leeper Decl.") ¶ 3. EOUSA informed plaintiff on October 9, 2015, that it had received the request he sent to the office that prosecuted him, and EOUSA assigned it FOIA No. 2015-04040. Luczynski Decl. ¶ 7, Ex. D; Suppl. Decl. of Julie Leeper [Dkt. # 29-3] ("Suppl. Leeper Decl.") at 1.

On October 20, 2015, plaintiff sent a third request to EOUSA, seeking the following:

> I request specific documents proving my actual innocence of the kidnapping described in USA v. Sandoval, #99-cr-40019-JBM (C.D. Ill./Rock Island) & inaccurate records dep[icting] Sandoval as a member of the Mexican Mafia & government informant, which are both untrue, [and] also concerning government witnesses against Sandoval convicted of violence & committing perjury at Sandoval's jury trial.

Luczynski Decl. ¶ 6, Ex. C. This request was also limited to the 1997 through 2015 time frame. *See id*. USAO CDIL received this request from EOUSA sometime in November 2015, and it deemed the request, which retained the same FOIA No. 2015-04040, to supersede plaintiff's first two requests. Suppl. Leeper Decl. at 1.

Between October 8, 2015 and June 13, 2016, USAO CDIL performed a physical and electronic search for documents. Suppl. Leeper Decl. at 1. On approximately June 13, 2016, it informed EOUSA that it was unable to locate any responsive documents. Leeper Decl. ¶¶ 4, 13.

On September 16, 2016, EOUSA responded to request No. 2015-04040, informing plaintiff that his request had been processed and no responsive records had been found. Luczynski Decl. ¶ 10, Ex. G. On October 3, 2016, plaintiff appealed EOUSA's determination, *id.* ¶ 11, Ex.

H, and on December 15, 2016, the Office of Information Policy affirmed EOUSA's action on his request. *Id.* ¶ 12, Ex. J.

Plaintiff filed this *pro se* action on May 26, 2016. *See generally* Compl. On June 22, 2017, defendants filed a motion to dismiss and a motion for summary judgment. *See* Defs.' First Mot.; Defs.' First Mem. On November 2, 2017, the Court found that plaintiff failed to exhaust administrative remedies in relation to his Privacy Act claims against all defendants and his FOIA claim against BOP. *Sandoval*, 296 F. Supp. 3d at 11–13. The Court also granted summary judgment in favor of the FBI on plaintiff's FOIA claims, finding that the search conducted was adequate and that the FBI properly withheld information pursuant to exemptions FOIA 6 and 7. *Id.* at 17–20. However, the Court denied the motion for summary judgment filed by DOJ, EOUSA, and the USAO CDIL because it found that the descriptions of the searches conducted had several deficiencies. *Id.* at 11–18. The matter was remanded to the agencies to provide more detailed explanations of the searches and to release any reasonably segregable non-exempt material to plaintiff consistent with FOIA. *Id.* at 16–17.

On April 3, 2018, defendants DOJ, EOUSA, and USAO CDIL (collectively, "defendants") filed a second motion for summary judgment. *See* Defs.' Second Mot.; Mem. of P. & A. in Supp. of Defs.' Second Mot. [Dkt. # 29-1] ("Defs.' Second Mem."). Plaintiff's opposition did not address the adequacy of the search; instead, plaintiff argued that because he has never been properly indicted, he must be released from custody, and the government must provide him information concerning his charges. *See* Pl.'s Opp. to Defs.' Second Mot. [Dkts. ## 31, 32] ("Pl.'s Second Opp.").[1]

---

1   Plaintiff filed two responses to defendants' second motion for summary judgment. The two responses filed are very similar in content, and so the Court will read these responses as one opposition to defendants' second motion for summary judgment.

Because defendants have provided a reasonable justification for the adequacy of their search, the Court will grant defendants' motion for summary judgment.[2]

## STANDARD OF REVIEW

In a FOIA case, the district court reviews the agency's decisions *de novo* and "the burden is on the agency to sustain its action." 5 U.S.C. § 552(a)(4)(B); *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981). "[T]he vast majority of FOIA cases can be resolved on summary judgment." *Brayton v. Office of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). To defeat summary judgment, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted).

The mere existence of a factual dispute is insufficient to preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A dispute is "genuine" only if a reasonable fact-finder could find for the non-moving party; a fact is "material" only if it is capable

---

2   On August 8, 2018, plaintiff filed a motion to take judicial notice requesting that the Court take notice of various matters relating to plaintiff's underlying charges. *See* Pl.'s Mot. to Take Judicial Notice [Dkt. # 33] at 1–2. In light of the Court's ruling on defendants' motion for summary judgment, plaintiff's motion for judicial notice is denied as moot. In any event, the motion would have been denied because the matters plaintiff requested to be noticed are irrelevant to this FOIA action and defendants' motion for summary judgment. *See Whiting v. AARP*, 637 F.3d 355, 364 (D.C. Cir. 2011) (finding that "matters to be noticed must be relevant").

of affecting the outcome of the litigation. *Id.* at 248; *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987). In the FOIA context, "the sufficiency of the agency's identification or retrieval procedure" must be "genuinely in issue" in order for summary judgment to be inappropriate. *Weisberg v. DOJ*, 627 F.2d 365, 371 n.54 (D.C. Cir. 1980), quoting *Founding Church of Scientology v. Nat'l Sec. Agency*, 610 F.2d 824, 836 (D.C. Cir. 1979) (internal quotation marks omitted). In assessing a party's motion, the court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the summary judgment motion.'" *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alterations omitted), quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam).

"Summary judgment may be granted on the basis of agency affidavits" in FOIA cases, when those affidavits "contain reasonable specificity of detail rather than merely conclusory statements," and when "they are not called into question by contradictory evidence in the record or by evidence of agency bad faith." *Judicial Watch, Inc. v. U.S. Secret Serv.*, 726 F.3d 208, 215 (D.C. Cir. 2013), quoting *Consumer Fed'n of Am. v. Dep't of Agric.*, 455 F.3d 283, 287 (D.C. Cir. 2006). However, a plaintiff cannot rebut the good faith presumption afforded to an agency's supporting affidavits through "purely speculative claims about the existence and discoverability of other documents." *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991), quoting *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770, 771 (D.C. Cir. 1981).

Even if the nonmoving party fails to respond to the motion for summary judgment, or portions thereof, a court cannot grant the motion on the basis that it was conceded. *Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505 (D.C. Cir. 2016). That is because the "burden is always on the movant to demonstrate why summary judgment is warranted." *Id.*, quoting *Grimes v. District of Columbia*, 794 F.3d 83, 97 (D.C. Cir. 2015) (Griffith, J., concurring). A district court

"must determine for itself that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law, and then 'should state on the record the reasons for granting or denying the motion.'" *Id.* at 508–09, quoting Fed. R. Civ. P. 56(a).

## ANALYSIS

FOIA requires the release of government records upon request. It was enacted "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978). At the same time, Congress recognized "that legitimate governmental and private interests could be harmed by release of certain types of information and provided nine specific exemptions under which disclosure could be refused." *FBI v. Abramson*, 456 U.S. 615, 621 (1982); *see also Ctr. for Nat'l Sec. Studies v. DOJ*, 331 F.3d 918, 925 (D.C. Cir. 2003) ("FOIA represents a balance struck by Congress between the public's right to know and the government's legitimate interest in keeping certain information confidential."), citing *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989). The Supreme Court has instructed that "FOIA exemptions are to be narrowly construed." *Abramson*, 456 U.S. at 630.

To prevail in a FOIA action, an agency must first demonstrate that it has made "a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990). Second, the agency must show that "materials that are withheld . . . fall within a FOIA statutory exemption." *Leadership Conference on Civil Rights v. Gonzales*, 404 F. Supp. 2d 246, 252 (D.D.C. 2005) (citation omitted). Any "reasonably segregable" information in a responsive record must be released, 5 U.S.C. § 552(b), and "non-exempt portions of a document

must be disclosed unless they are inextricably intertwined with exempt portions." *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977).

Because a fundamental principle behind FOIA "is public access to government documents," courts require "agencies to make more than perfunctory searches and, indeed, to follow through on obvious leads to discover requested documents." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999), citing *John Doe Agency*, 493 U.S. at 151 and *Campbell v. DOJ*, 164 F.3d 20, 28 (D.C. Cir. 1998). Therefore, an agency only "fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Id.*, quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990); *see also Oglesby*, 920 F.2d at 68. Although there "is no requirement that an agency search every record system," an agency "cannot limit its search to only one record system if there are others that are likely to turn up the information requested." *Oglesby*, 920 F.2d at 68.

To demonstrate that it has performed an adequate search for responsive documents, an agency must submit a reasonably detailed affidavit describing the search. *Id.* (finding summary judgment improper where agency's affidavit lacked sufficient detail). An affidavit is "reasonably detailed" if it "set[s] forth the search terms and the type of search performed, and aver[s] that all files likely to contain responsive materials (if such records exist) were searched." *Id.*; *see also Defs. of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 92 (D.D.C. 2009) (finding declaration deficient where it failed to detail the types of files searched, the filing methods, and the search terms used). However, agency affidavits that "do not denote which files were searched, or by whom, do not reflect any systematic approach to document location, and do not provide information specific enough to enable [the requester] to challenge the procedures utilized" are insufficient to support summary judgment. *Weisberg*, 627 F.2d at 371; *see also Steinberg v. DOJ*,

8

23 F.3d 548, 552 (D.C. Cir. 1994) (stating that an agency affidavit must describe "what records were searched, by whom, and through what process"). Given these principles, conclusory assertions about the agency's thoroughness are insufficient. *Morley v. CIA*, 508 F.3d 1108, 1121 (D.C. Cir. 2007).

"Agency affidavits are accorded a presumption of good faith," *Safecard Servs., Inc.*, 926 F.2d at 1200, which can be rebutted with "evidence of agency bad faith," *Military Audit Project*, 656 F.2d at 738, or when "a review of the record raises substantial doubt" that certain materials were overlooked despite well-defined requests. *Valencia-Lucena*, 180 F.3d at 326, citing *Founding Church of Scientology*, 610 F.2d at 837; *see also Truitt*, 897 F.2d at 542 ("If, however, the record leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper.").

In support of its first motion for summary judgment, the EOUSA provided the declaration of David Luczynski, an Attorney Advisor who acts as a liaison between offices within DOJ to facilitate their responses to FOIA and Privacy Act requests. Luczynski Decl. ¶ 1. USAO CDIL proffered the declaration of Julie Leeper, a legal assistant who serves as the FOIA and Privacy Act Coordinator for USAO CDIL, and who coordinates with EOUSA in connection with responding to all FOIA and Privacy Act requests sent to her office. Leeper Decl. ¶ 1. In support of their second motion for summary judgment, defendants provided a supplemental declaration from Ms. Leeper. *See generally* Suppl. Leeper Decl.

In his declaration, Mr. Luczynski stated that criminal case files are maintained at the U.S. Attorney's Office that led the prosecution. Luczynski Decl. ¶ 13. So, when EOUSA received plaintiff's request, EOUSA forwarded it to the FOIA contact in the Central District of Illinois. *Id*. He stated that the FOIA contact "began a systematic search for records on 'Marcelo Sandoval' to

9

determine the location of any and all files relating to plaintiff in order to comply with his request," and that the search included a search for records from the case file in Case No. 99-cr-40019-JBM. *Id.* Mr. Luczynski referred to Ms. Leeper's declaration for further details about the searches conducted. *Id.*

Ms. Leeper provided details about USAO CDIL's computerized docketing/case management system known as LIONS, and she stated that files could be located in any USAO CDIL office as well as the Federal Records Center in Chicago, Illinois. Leeper Decl. ¶ 8. From January 4, 2016, to June 13, 2016, "emails were sent to employees of the CDIL . . . advising them to complete a search for responsive records." *Id.* ¶ 10. Ms. Leeper herself "performed a physical search for opened and closed files, search for Federal Records Center files, the LIONS system, Windows, Outlook, PACER (court's website), and archived electronic computer files, for responsive documents relating to Sandoval, specifically case number 99-CR-40019." *Id.* ¶ 11.

In her supplemental declaration, she averred that no other record systems were likely to produce responsive records. Suppl. Leeper Decl. at 1. Ms. Leeper stated that she located "boxes of files relative to Sandoval, case number 99-CR-40019, as well as electronically stored files," but that after reviewing the documents, she did not find any responsive documents. Leeper Decl. ¶ 12. She discussed this conclusion with the Assistant U.S. Attorney who handled plaintiff's case and "he advised [her] that there were no documents responsive to Sandoval's request." *Id.* At that point, on June 13, 2016, Ms. Leeper advised EOUSA that no responsive documents were found. *Id.* ¶ 13.

When the defendants first submitted these two declarations in support of their first motion for summary judgment in an attempt to meet their burden with regard to the adequacy of their searches, the declarations did not inspire confidence that the agencies conducted searches that were

reasonably calculated to uncover all relevant documents. The Court found that there were several deficiencies with the searches conducted by the EOUSA and USAO CDIL. *Sandoval*, 296 F. Supp. 3d at 15–17. First, the declarations did not make clear whether plaintiff's three requests for documents were consolidated into a single request number. *Id.* at 16. Second, Ms. Leeper stated that she "performed a physical search for opened and closed files, search for Federal Records Center files, the LIONS system, Windows, Outlook, PACER (court's website), and archived electronic computer files," Leeper Decl. ¶ 11, but she failed to explain why these specific locations were searched. *Sandoval*, 296 F. Supp. 3d at 17. Third, she asserted that "emails were sent to employees of the CDIL . . . advising them to complete a search for responsive documents," Leeper Decl. ¶ 10, but did not identify who those employees were and what their responsibilities were, nor did she aver that no other custodians were likely to possess responsive documents, or describe the types of records searched or the search methodology used by the employees. *Sandoval*, 296 F. Supp. 3d at 17. Finally, Ms. Leeper stated that she searched electronic databases "for responsive documents relating to Sandoval, specifically case number 99-CR-40019," but she did not list the search terms used, and while she stated that she personally reviewed the paper and electronic files that were uncovered, she did not describe what she did to search the electronic files. *See id.*; Leeper Decl. ¶¶ 11–12.

Defendants have now cured these deficiencies. First, defendants make clear that the three document requests sent by plaintiff were consolidated into one request number. In her supplemental declaration, Ms. Leeper states that the first request came in on September 11, 2015, and a second request duplicative of the first came in on October 8, 2015. Suppl. Leeper Decl. at 1. This request was given a request number of 2015-04040. *Id.* Then, in November 2015, USAO

CDIL received a third request from EOUSA under 2015-04040. *Id.* This third request superseded plaintiff's first two requests. *Id.*

Second, Ms. Leeper explained in her supplemental declaration that she performed a physical search and a search through various systems, such as the Federal Records Center, LIONS, Windows, Outlook, PACER, and archived electronic computer files, because these locations were likely to produce responsive records. *Id.* She averred that "[n]o other record systems were likely to produce responsive documents" and that "all files likely to maintain responsive records were searched." *Id.* She also performed a physical search of files relevant to the plaintiff. *Id.*

Third, Ms. Leeper states that she emailed all of the employees of the USAO CDIL (including the Springfield, Peoria, Urbana, and Rock Island offices) "advising them to complete a search for 'all records files (pending or closed), notes, and computer files, including email and documents, etc.,'" with respect to plaintiff. Suppl. Leeper Decl. at 2.

Finally, she states that the following search terms were used to search electronic files: "Marcelo Sandoval," "innocent," "innocence," "mafia," "government informant," "perjury," "inaccurate," "99-40019," and "99-cr-40019," and she avers that "all files likely to maintain responsive records were searched." *Id.*

While defendants' supplemental declaration could have provided more details regarding the systems searched and why they were searched, the Court finds that the search conducted by defendants meets the standard of reasonableness required. *See Oglesby*, 920 F.2d at 68 (a search is adequate if a reasonably detailed affidavit sets forth the search terms, type of search performed, and avers that all files likely contain responsive materials were searched). Defendants' declarations set forth, with reasonable detail, who conducted the search, the type of search performed, and the locations searched. The declarations are "relatively detailed" and the Court

has no reason to find that it was not "submitted in good faith." *Morley*, 508 F.3d at 1116. Moreover, considering the broad nature of plaintiff's document request, defendants' search of all physical and electronic files retained by all employees of U.S. Attorney's Office in question, using terms that included the plaintiff's first and last names, was "reasonably calculated to discover the requested documents." *SafeCard Servs.*, 926 F.2d at 1201.

Because defendants demonstrate with reasonable specificity that the searches were calculated to locate records responsive to plaintiff's FOIA requests, the Court concludes that defendants' searches were adequate.

## CONCLUSION

For the foregoing reasons, the Court will grant defendants' motion for summary judgment. A separate order will issue.

/s/ Amy B Jackson
AMY BERMAN JACKSON
United States District Judge

DATE: January 24, 2019